I concur fully in that portion of the opinion holding that Charles Ingram's claims alleging fraud by misrepresentation and fraudulent suppression of material fact were time-barred under the applicable statute of limitations. The main opinion notes the contents of the policy delivered to Ingram and the explicit statement of the applicable interest rate in each of the yearly reports for the five years 1986 through 1990, which were all less than the 9.75 percent interest rate Ingram alleges was guaranteed. Therefore, whether the statute of limitations began to run as of the date of the delivery of the policy on August 1, 1985, or at some later point in time when the yearly reports would have clearly demonstrated to Ingram that the interest rate on which cash value accumulated was not 9.75 percent, is not controlling; Ingram had been clearly, and repeatedly, advised of the applicable interest rates much more than two years before he filed his action. Therefore, I agree that the judgment in this case should be reversed and a judgment rendered for Liberty National on that basis, as stated in the concluding paragraph of the opinion. Consequently, I need not reach, or comment upon, the alternative rationale that Ingram did not reasonably rely on the misrepresentation or the suppression of a material fact.